NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0551n.06

No. 11-5733

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 29, 2012*

LEONARD GREEN, Clerk

SAMUEL KARIUKI,

    Plaintiff-Appellant,

v.

COMAIR, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
KENTUCKY

Before: MARTIN and DAUGHTREY, Circuit Judges; MALONEY, Chief District Judge.[*]

PER CURIAM. Samuel Kariuki appeals the district court's grant of summary judgment to Comair, Inc., in the employment discrimination action filed by Kariuki pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII) and Kentucky's anti-discrimination statute, Ky. Rev. Stat. § 344.040.

Kariuki was born in Kenya and moved to the United States after graduating from high school. He received an associate's degree in aviation maintenance and a bachelor's degree in leadership development. He is a licensed mechanic. Kariuki was hired by Comair, Inc. in 2004 to work as a mechanic. In 2006, he applied for a promotion to an avionics technician position. The position concerned electrical work. When the position was awarded to a Caucasian man born in the United States, Kariuki filed a complaint with the Equal Employment Opportunity Commission alleging discrimination. Kariuki subsequently received a right to sue letter from the EEOC.

---

[*]The Honorable Paul L. Maloney, Chief United States District Judge for the Western District of Michigan, sitting by designation.

He then filed his civil rights complaint in the district court, alleging that he was denied the promotion on the basis of his race and national origin. The district court granted Comair's motion for summary judgment, precipitating this appeal. We now review the district court's judgment *de novo*. *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005)..

On appeal, Kariuki contends that the district court erred in finding that he did not apply for two open positions for avionics technicians. He concedes that the person hired for the position he listed on his application was more qualified than he, but argues that his application entitled him to consideration for a second position that was advertised, and that the person awarded that promotion was less qualified. Kariuki also argues that Comair proffered several different reasons for failing to promote him, raising an inference that such reasons were a pretext for discrimination.

In order to establish a *prima facie* case of discrimination, Kariuki was required to show that he is a member of a protected class, that he applied and was qualified for the promotion sought, that he was denied the promotion, and that a non-class member of similar qualifications was promoted to the position. *See Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020-21 (6th Cir. 2000). If a *prima facie* case is established, the defendant must proffer a non-discriminatory reason for the adverse action. The plaintiff then has the ultimate burden of showing that the proffered reason is a pretext for discrimination. *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 547 (6th Cir. 2004). In this case, the district court found that the person promoted to the position that Kariuki sought was clearly more qualified. Therefore, Kariuki could not establish the fourth prong of a *prima facie* case.

Regarding the second position, the district court found that no *prima facie* case was established because Kariuki did not file an application for that position. Kariuki argues that his application should have qualified him to be considered for that position. Comair argues that, even

if Kariuki had applied for the position in question, Kariuki has not carried his ultimate burden of showing that the legitimate reasons proffered by Comair for failing to promote Kariuki to that position were a pretext for discrimination.

Kariuki was interviewed following his application by two people, a human resources officer and the manager of the avionics department. The human resources officer stated that Kariuki was not promoted because he was not willing to work second shift and because he had no experience with electrical wiring. The employee who received the promotion was willing to work any shift and had electrical wiring experience on cars and computers. The manager of the avionics department, however, stated that Kariuki was not chosen because another manager had informed him of an occasion when Kariuki used the wrong grease on a part and lied to the manager concerning the incident. In order to show that these proffered reasons were pretextual, Kariuki must demonstrate that the reasons had no basis in fact, did not actually motivate the decision, or were insufficient to motivate the decision. *See Abbott v. Crown Motor Co.*, 348 F.3d 537, 544 (6th Cir. 2003).

Kariuki disputes the allegation that he was unwilling to work any shift, but the human resources officer documented that reason in his interview notes. Kariuki also argues that the employee who was promoted was not more qualified. However, he fails to challenge the reason proffered by the avionics department manager. Instead, he argues that the sheer number of reasons proffered by Comair suggests pretext, citing *Asmo v. Keane, Inc.*, 471 F.3d 588, 596 (6th Cir. 2006), as authority for this position. However, *Asmo* is distinguishable because the explanation initially offered was shown to be untrue and was later abandoned. Here, Kariuki has not shown that any of the reasons are untrue, and Comair has maintained its position. Although the two people who

interviewed Kariuki had different reasons for not promoting him, Kariuki did not show that the proffered reasons were a pretext for discrimination based on his race or national origin.

The district court's judgment is affirmed.